# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MOORE DEVELOPMENT, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> M.G. MIDWEST, INC., d/b/a MOVIE GALLERY; a/k/a MOVIE GALLERY US, LLC; a/k/a MOVIE GALLERY US, INC.; and LORI JK MOODY, <br><br> Defendants. | No. C06-1014 <br><br> **ORDER** |

_____

This matter comes before the court pursuant to defendants' May 30, 2006 motion to dismiss Counts II, IV, and VI of plaintiff's complaint for failure to state a claim upon which relief can be granted (docket number 4). Count II of plaintiff's complaint alleges negligent misrepresentation. Count IV alleges negligence. Count VI alleges intentional interference with prospective business advantage.

Defendants' motion is based upon Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). A complaint shall not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can not prove any set of facts in support of its claim that would entitle it to relief. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993); Schaller Telephone Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 739 (8th Cir. 2002). When analyzing the adequacy of a complaint's allegations under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff. Id. "The issue is not whether plaintiffs will ultimately prevail, but rather whether they are entitled to offer evidence in support of their claims." U.S. v. Aceto Agr. Chemicals Corp., 872 F.2d 1373, 1376 (8th Cir.

1

1989). "[I]t is only in the 'unusual case' where the complaint on its face reveals some insuperable bar to relief that a dismissal under Rule 12(b)(6) is warranted." Id. (quoting Fosco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982)).

Accepting the allegations in plaintiff's complaint as true, and viewing them in a light most favorable to the plaintiff, the court finds that the plaintiff has adequately pleaded a claim of negligent misrepresentation. Whether plaintiff will be able to garner evidence that defendants owed it a special duty of care can only be known after discovery. To dismiss now would be premature. Defendants' motion to dismiss Count II of plaintiff's complaint is denied. The same is true with respect to defendants' motion to dismiss Counts IV and VI of plaintiff's complaint. At this early juncture, the court cannot conclude that plaintiff can not prove any set of facts in support of its claims that would entitle it to relief. Plaintiff is entitled to conduct discovery and offer evidence in support of their claims.

Upon the foregoing,

IT IS ORDERED that defendants' motion to dismiss (docket number 4) is denied.

September 22, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT